UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SANDRA FERRIS, AS MOTHER
AND NEXT FRIEND OF
JANE DOE, A MINOR

      Plaintiff,

vs.

MSC CRUISES, S.A.

      Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, SANDRA FERRIS, AS MOTHER AND NEXT FRIEND OF JANE DOE, A MINOR, by and through undersigned counsel, and sues the Defendant, MSC CRUISES, S.A., and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1.     This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.     Plaintiff, SANDRA FERRIS AS MOTHER AND NEXT FRIEND OF JANE DOE, A MINOR (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of Maryland and was at all times material a fare-paying passenger aboard Defendant's cruise ship *Meraviglia*.

3.     Defendant, MSC CRUISES, S.A., (hereinafter "MSC"), is a foreign entity with its principal place of business in Fort Lauderdale, Florida.

4.     Subject matter jurisdiction exists because there is complete diversity between the parties and because pursuant to 28 U.S.C. § 1333 this is a maritime cause

of action.

5.     At all times material hereto, MSC has conducted ongoing, substantial, and not isolated business activity in Broward County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6.     At all times material, MSC has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7.     In its ticket contract with Plaintiff, MSC requires fare-paying passengers like Plaintiff to bring any lawsuit against  arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Accordingly, venue is proper.

8.     Venue is also proper in this district because MSC's principal place of business in the United States is located within this district.

9.     Plaintiff has complied with all conditions precedent to filing this action.

## <u>GENERAL ALLEGATIONS</u>

10.    MSC owed Plaintiff a duty of reasonable care in the circumstances.

11.    On or about APRIL 4, 2023, the Plaintiff was a fare-paying passenger aboard MSC's cruise ship *Meraviglia*.

12.    On that date, in the evening, the Plaintiff, her husband and two children including JANE DOE were in the beds in their cabin.

13.    The minor Plaintiff was in her bed which was a lower berth and her younger brother was in the bed above her (upper berth) playing video games.

14.    There was a metal guardrail or a bed rail on the upper berth or bed that had

been placed on the bed by the cabin steward.  The guardrail was intended to keep the occupant of the upper berth from rolling out of the upper berth in their sleep or due to the motion of the ship.

15.     The guardrail was missing a connector piece which was intended to secure the guard or bed rail to the bed.

16.     The minor Plaintiff's brother brushed up against the guard rail as he was lying on bed playing video games and as it was not being properly secured to the upper berth, it fell off the bed striking the minor Plaintiff where she was lying on the bed or berth below causing her to suffer personal injury.

17.     After this incident, a team from the ship came to inspect the bed and the guard rail and installed or added an extra piece that was missing from the guard or bed rail which secured it securely to the upper berth.

18.     On the aforesaid date, MSC owned and/or operated the *Meraviglia*.

19.     At all times material, Plaintiff acted with due care for her own safety.

## COUNT I – NEGLIGENCE

20.     Plaintiff reavers and realleges paragraphs 1 through 19 as if set forth herein.

21.     Defendant owed Plaintiff a duty of reasonable care in the circumstances to maintain the upper berth in a reasonably safe in the circumstances condition.

22.     The Defendant has a duty of reasonable care in the circumstances to keep the passenger upper berth in a reasonably safe condition.

23.     MSC had actual knowledge and/or constructive knowledge of the unreasonably dangerous qualities of the bed rail as alleged in paragraphs 13-16 through the knowledge, actions and observations of the employees working

in the area and the physical qualities of the bed rail which was a piece of ship's equipment.

24.    At all times material, MSC either created the dangerous conditions of which Plaintiff complains in paragraphs 13-16 and/or the dangerous conditions existed for a sufficient period that MSC had actual and/or constructive knowledge of the dangerous conditions, and/or had actual and/or constructive knowledge of the dangerous conditions through the ordinary observations of its crewmembers working in the area.

25.    As a result of the foregoing, the minor Plaintiff was seriously injured in and about her body and extremities when the metal bed rail fell off the bed and struck in the head and face. Plaintiff has suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life and lost the enjoyment and value of the cruise vacation and suffered scarring and disfigurement. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from MSC for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT II – NEGLIGENT FAILURE TO WARN

26.    Plaintiff reavers and realleges paragraphs 1 through 19 as if set forth herein.

27.    Plaintiff was seriously injured when part of a bed rail fell off the upper berth and struck her head and face.

28.    MSC was aware or should have been aware through the exercise of reasonable

- 4 -

care in the circumstances of the unreasonable danger posed by the bed rail based on the observations and actions of an MSC employee prior to the Plaintiff being injured in placing the bed rail on the upper berth.

29.     The dangerous conditions as previously alleged in paragraphs 13-16 were neither open nor obvious to the Plaintiff using her five senses nor was she told about the existence of the hazard prior to her being injured.

30.     At all times material, the Plaintiff was acting with due care for her own safety.

31.     As a result of the negligence of MSC as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of enjoyment and value of the cruise, suffered scarring and disfigurement.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from MSC for damages, pre-judgment interest and costs.  Jury trial is demanded.

## COUNT III – VICARIOUS LIABILITY

32.     Plaintiff reavers and realleges Paragraphs 1-19 as if set forth herein.

33.     Defendant employed a cabin steward who serviced Plaintiff's cabin.

34.     The cabin steward failed to properly secure an upper berth by not installing a complete bed rail on the side of the upper berth.  The crew member was aware or should have been aware under the exercise of reasonable care that the bed rail was not secure and would not keep a person occupying the upper berth

from rolling out of the bed nor would it remain in place if accidentally touched or pushed by the passenger occupying the upper berth.

35. Defendant owed the Plaintiff a duty of reasonable care in servicing her cabin and setting up the upper berth with a proper, complete bed rail in place.

36. MSC was vicariously negligent for the actions of its employee, the cabin steward in failing to properly set up the upper berth.

37. As a result of the foregoing, MSC is vicariously liable for the actions or non-actions of its employee as alleged in Paragraph 36 above.

38. As a result of the negligence of MSC as aforesaid, the minor Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of enjoyment and value of the cruise, suffered scarring and disfigurement. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from MSC for damages, pre-judgment interest and costs. Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No. 0279897
pmh@paulhoffmanlaw.com
2881 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-5040
Facsimile: 954-315-1702

- 6 -